E-FILED
Tuesday, 07 July, 2009 03:21:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| )  | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 06-40055-001 |
| ) | |
| MOHAMMAD SHABBIR KHAN  ) | |
| ) | |
| Defendant.  ) | |

## **O R D E R**

Defendant previously pled guilty, pursuant to a Plea Agreement, to Counts 1-12 and 15 of the Indictment and was sentenced to a term of imprisonment. Subsequently, the Court determined that Defendant had substantially breached the Plea Agreement and granted the Government's motion and election under the Plea Agreement to reinstate Counts 13 and 14 which is set for trial on July 13, 2009.

Before the Court is Defendant's motion to bar admissibility to statements of facts contained in the Plea Agreement which more or less admit commission of the conduct underlying Counts 13 and 14. Having considered the motion and the Government's Response, Defendant's motion is denied and the Court determines that Defendant's prior statements of facts are admissible at trial of Counts 13 and 14 for the reasons that follow.

Defendant's objection to admissibility is based upon Rule 410 of the Federal Rules of Evidence (FRE410) which provides in relevant part:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea, or was a participant in the plea discussions:

(1)   a plea of guilty which was later withdrawn;

(2)   a plea of nolo contendere;

(3)   <u>any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure</u> or comparable state proceedings <u>regarding either of the foregoing pleas; or</u> (emphasis added)

(4)   any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Obviously, Defendant must rely upon subsection 3 which makes inadmissible "any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure . . . regarding either of the foregoing pleas;" [meaning (1) a plea of guilty which was later withdrawn; or (2) a plea of nolo contendere]. Neither of these two events apply since Defendant's guilty plea was not withdrawn, and he did not tender a plea of nolo contendere. The logic of subsection 3 clearly means that statements by a defendant as part of a guilty plea that is not withdrawn is left unprotected by FRE410 and may be used against the defendant in other litigation.

Paragraph 71 of the Plea Agreement provided that if Defendant violated any of the terms, the Government had the option to declare the Plea Agreement null and void and the option to vacate Defendant's conviction and sentence or to reinstate any previously dismissed charges against him, or to seek resentencing of Defendant. The Government chose the second option and elected to reinstate Counts 13 and 14. In that event, paragraph 71 expressly states that "the defendant will not be allowed to withdraw from any previously accepted guilty plea"; and that he "agrees to waive any and all double jeopardy rights, and the applicable statute of limitations. . . ." Obviously, there is no merit to Defendant's agreement that voiding of the Plea Agreement caused

"both the Government and Mr. Khan [Defendant] to lose the benefits of the Plea Agreement that were bargained for." Contractually, Defendant waived his right to a clean slate and consented to the continued vitality of his guilty plea and sentence and to the option given the Government to reinstate all dismissed counts if the Government chose to void the Plea Agreement upon a breach of it by Defendant.

The case that Defendant proffers in support of his motion, United States v. Newbert, 504 F.3d 180, 182-183 (1st Cir. 2007) is inapposite on its facts. In that case the plea agreement provided that "If defendant fails to enter a guilty plea <u>or seeks to withdraw his plea of guilty entered pursuant to this Agreement under circumstances constituting a breach of this Agreement</u>, he hereby waives any rights that he has under Rule 410 of the Federal Rules of Evidence." (emphasis added). It was specifically explained that this waiver would allow his [Defendant's] guilty plea and all related statements to be used against him in any subsequent prosecution. The district court allowed the defendant to withdraw his guilty plea based upon post-plea new evidence of innocence and refused to enforce the waiver of FRE410. The appellate court affirmed in upholding the district court's ruling that *under the special circumstances underlying the motion to withdraw the defendant's guilty plea*, the defendant had not breached the plea agreement. Unlike Newbert, in the instant case, there has been a finding that Defendant breached the Plea Agreement. This alone distinguishes the two cases and deprives Newbert of any precedential value. On the other hand, case law proffered by the Government fully support the admissibility of Defendant's plea agreement and associated statements. See United States v. El-Amin, 268 F. Supp. 2d 639, 642 (E.D. Va. 2003) ("when he materially breached the Plea Agreement, the defendant knowingly and intentionally waived his FRE410 and FRCP11(f) objections to the government's use

3

of his Statement of Facts. Therefore the Government's Motion in Limine will be granted and the United States may offer the Statement of Facts as evidence in its case in chief.") United States v. Young, 223 F.3d 905, 911 (8th Cir. 2000) ("We are satisfied that, when Young signed the plea agreement, he was aware of the benefits he was securing, the rights he was foregoing, and the consequences of breaching the agreement. We find no evidence that he entered into the agreement involuntarily or unknowingly. Thus, the government is entitled to the benefits of its bargain and may use the affidavit [admitting each element of the crimes charged] in its case against Young.") United States v. Scruggs, 356 F.3d 539, 546 (4th Cir. 2004) ("In this case, because of Scruggs' breach of the plea agreement, the Government cancelled it; in doing so, the Government retained its 'remedy for breach' under the agreement: use of statements Scruggs had given pursuant to the Agreement.").

For the foregoing reasons, Defendant's motion is denied and his Plea Agreement and associated statements are admissible.

ENTERED this __7th__ day of July, 2009.

                                                    s/Joe B. McDade
                                                  JOE BILLY McDADE
                                                  United States District Judge