# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 06-cr-40055 |
| | ) | |
| MOHAMMAD SHABBIR KHAN, a/k/a | ) | |
| SHABBIR KHAN, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

Before the Court is the Government's Motion to Proceed With Scheduled

Trial (Doc. 142).  In its motion, the Government asks this Court to certify as

frivolous Defendant Khan's appeal of this Court's decision to deny Khan's June 24,

2009 motion to dismiss Counts 13 and 14 of the Indictment.  Khan based his motion

to dismiss on the Double Jeopardy Clause of the Fifth Amendment, and the Court

denied the motion in a June 30, 2009 bench ruling (6/30/2009 Minute Entry).  For

the reasons that follow, the Government's motion to proceed with trial as scheduled

is GRANTED.

## BACKGROUND

On June 23, 2006, Defendant Khan pled guilty to Counts 1-12 (Wire Fraud),

15 (Conspiracy to Launder Money), and 16 (Making a False Statement) of the

Indictment.  Pursuant to Khan's written plea agreement, the Government agreed to

dismiss Counts 13 (Conspiracy to Tamper with a Witness) and 14 (Witness

Tampering).  On December 1, 2006, the Court sentenced Khan to 51 months of

imprisonment.  The sentence incorporated a two-level upward adjustment for obstruction of justice, pursuant to United States Sentencing Guideline §3C1.1, based on Khan's attempt to persuade co-conspirator Stephen Seamans to make false statements to investigators.

Subsequently, Khan breached his plea agreement by transferring certain funds to his brother rather than to his attorney as the agreement required (Doc. 128).  As a result, the Government sought to exercise its rights under Paragraph 71 of the plea agreement by asking the Court to reinstate Counts 13 and 14 of the Indictment (Doc. 129).  The Court reinstated Counts 13 and 14 on May 7, 2009 in a bench ruling and set the case for trial on those counts.  Jury trial was then and is now set to begin on July 13, 2009.

On June 24, 2009, Khan filed a motion to dismiss Counts 13 and 14 on double jeopardy grounds.  The gist of Khan's argument is that Counts 13 and 14 are based on the same conduct for which he received an upward adjustment in his original sentence.  According to Khan, a trial on Counts 13 and 14 would place him at risk of being punished a second time for the same conduct.  The Government responded in opposition, and the Court denied the motion to dismiss on June 30, 2009 in a bench ruling.  The same day, the Court also denied Khan's motion to continue the trial date.  On July 2, 2009, Khan filed an interlocutory appeal to the Seventh Circuit Court of Appeals, challenging this Court's denial of his motion to dismiss on double jeopardy grounds (Doc. 140).  On July 6, 2009, the Government filed the instant motion to proceed with the trial as scheduled despite Khan's pending appeal.  Khan filed a response on July 7, 2009 (Doc. 144).

## DISCUSSION

In <u>United States v. Cannon</u>, the Seventh Circuit Court of Appeals held, "[W]here a defendant's motion to dismiss on double jeopardy grounds is frivolous or fails to raise a colorable claim of double jeopardy, the mere filing of a Notice of Appeal is insufficient to divest the district court of jurisdiction."  715 F.2d 1228, 1231 (7th Cir. 1983).  The Court of Appeals explained,

> "[A]n appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous . . . . [B]oth the district court and court of appeals shall have jurisdiction to proceed."

<u>Id.</u> (quoting <u>United States v. McQuilkin</u>, 673 F.2d 681, 687 (3d Cir. 1982)).

The core question, then, is whether Khan presents a colorable claim of double jeopardy in his pending appeal.  The answer is no.  Khan's appeal is frivolous.  In <u>United States v. Brown</u>, the Seventh Circuit squarely rejected a double jeopardy argument nearly identical to Khan's.  31 F.3d 484, 494 (7th Cir. 1994).  In doing so, the Court of Appeals made clear that "the Double Jeopardy Clause precludes a second punishment for the same <u>offense</u>, not a second punishment for the same <u>conduct</u>."  <u>Id.</u> at 495 (citing <u>United States v. Dixon</u>, 509 U.S. 688 (1993)) (emphasis in original); <u>see also</u> <u>Witte v. United States</u>, 515 U.S. 389, 406 (1995) (a judge's consideration of relevant conduct in determining a defendant's sentence under the Sentencing Guidelines does not constitute "punishment" for that conduct for purposes of the Double Jeopardy Clause).  In his motion to dismiss, Khan did not contend that prosecution on Counts 13 and 14 would risk punishing him twice for the same offense; nor would such an argument have been tenable.  Khan's

argument in his motion to dismiss was exclusively conduct-focused.  The law is clear that Khan's argument is without merit.  Khan's attempt to muddy the waters by distinguishing and challenging Witte, Brown, and related cases is unavailing.

As an independent basis for the Court's decision today, the Court finds that, pursuant to the plea agreement, Khan expressly waived his double jeopardy rights in the event the Government sought to reinstate any charges.  The Court is not persuaded by Khan's argument that the Government voided the waiver by seeking reinstatement of the Indictment's dismissed counts.  If the double jeopardy waiver provision is to have any significance, it must be construed to apply under the circumstances here.[1]  See United States v. Schilling, 142 F.3d 388, 395 (7th Cir. 1998) (recognizing that a plea agreement, like any contract, should be construed to give each provision meaning).

## CONCLUSION

For the reasons stated above, the Government's motion to proceed to trial as scheduled is GRANTED.  The Court specifically finds and certifies to the Seventh Circuit Court of Appeals that Khan's appeal of this Court's denial of his motion to

---

[1] Paragraph 71 of the plea agreement states that the defendant (Khan) agrees to waive his double jeopardy rights "should the United States seek to reinstate charges against [him] . . . ."  (6/23/2006 Plea Agreement ¶ 71).  But, according to Khan, if charges are reinstated, this implicitly means that the plea agreement is null and void.  And, according to Khan, if the entire plea agreement is void, so is the double jeopardy waiver located within the agreement.  So, under Khan's logic, it would seem that the plea agreement operates so as to render the double jeopardy waiver a virtual nullity -- an unreasonable result.  It is also important to point out that Khan's fanciful interpretation conveniently ignores other language in Paragraph 71 providing, "[I]n the event the United States exercises its option to declare the Plea Agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea."

dismiss on double jeopardy grounds is frivolous.  Khan's motion to dismiss failed to raise a colorable double jeopardy claim.  The Clerk is directed to immediately notify the Court of Appeals of this decision.  The trial will begin as scheduled on July 13, 2009.

ENTERED this <u>8th</u> day of July, 2009.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States District Judge
